IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDY TORRES, | : | |
|     Petitioner | : | |
| | : | CIVIL ACTION NO. 09-CV-132 |
| v. | : | |
| | : | |
| RAYMOND LAWLER, et al., | : | |
|     Respondents | | |

## **MEMORANDUM AND ORDER**

Petitioner filed a petition for *habeas corpus* relief pursuant to 2 8 U.S.C. § 2241 on January 12, 2009. Therein he states that he is challenging the denial of a prior petition for writ of habeas corpus[1] and the legality of his detention. This Court does not have jurisdiction to review the instant petition because § 2241 is not an alternative to 28 U.S.C. § 2254. *See Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 2339 (1996) ("authority to grant habeas corpus relief to state prisoners is limited by 28 U.S.C. § 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a state court"); *Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir.2001) ("Congress has attached restrictions to Section 2254 proceedings that should not be circumvented by permitting a petitioner to go forward under the more general authority conferred by Section 2241"). In *Coady* the Court of Appeals for the Third Circuit determined that:

> [W]ith respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions

---

[1] Petitioner filed a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in Civil Action number 02-CV-2358. The petition was denied on February 21, 2003. Petitioner appealed and the Court of Appeals denied Petitioner's request for a certificate of appealability on April 28, 2003. Petitioner raises the same issues herein as he did in his original petition pursuant to § 2254.

    through Section 2244(b). (footnote omitted).   Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

Accordingly, Petitioner herein must rely on § 2254 to challenge his detention.  Therefore, the Court will dismiss the instant petition for lack of subject matter jurisdiction.[2]

    **AND NOW**, this 3rd day of February, **IT IS HEREBY ORDERED** that Petitioner's Application for Writ of Habeas Corpus Under 28 U.S.C.A. § 2241 is **DISMISSED** for lack of subject matter jurisdiction.

                                               **/s/ JAMES KNOLL GARDNER**
                                               **JAMES KNOLL GARDNER**

---

[2] Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner cannot file a second or successive petition for a writ of *habeas corpus* without first seeking and receiving approval from a Court of Appeals.  Absent such authorization, the District Court is not permitted to consider the merits of a subsequent petition.  28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).